*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 16-5623-GHK (PJWx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Terry Romero, et al. v. Anthem Blue Cross Life and Health Ins. Co., et al.* | | |

**Presiding: The Honorable**    **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **(In Chambers) Order re:** Motion to Remand [Dkt. 17] and Motion to Dismiss [Dkt. 18]

    This Matter is before us on Plaintiffs' motion to remand, [Dkt. 17], and Defendants' motion to dismiss, [Dkt. 18.]  We took the matters under submission on October 4, 2016.  [Dkt. 28.]  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows:

    Plaintiffs Terry Romero, John Fairlie (together, the "Patient Plaintiffs"), and non-plaintiff patient A.O. sought medical care from Parvin Mirabadi, M.D. and Sunrise Surgical Center (together, the "Provider Plaintiffs.")  [Dkt. 1-2 ("Compl.) ¶ 20.]  Each patient had a separate contract with Defendants for health care insurance and, prior to receiving any services, contacted them to guarantee coverage.  (*Id.* ¶¶ 19, 62.)  After Provider Plaintiffs also received a representation from Defendants that they would be reimbursed, the medical services were rendered.  (*Id.*)  Despite making these representations, Defendants refused payment.  (*Id.* ¶ 24.)  This suit followed. [Dkt. 1-2.]

    The Complaint alleges eight causes of action–all for state law claims.  The first five causes of action are asserted only by Provider Plaintiffs and the last three are asserted only by Patient Plaintiffs.[1]  However, the entire case was removed because Romero's health insurance is an employee benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et. seq.* ("ERISA.")  [Dkt. 1.]

---

[1] Although the Complaint alleges that Patient Plaintiffs also relied on Defendants' misrepresentations to their detriment, they affirm they are not asserting claims for promissory estoppel.  [Dkt. 17 ("Mot. to Remand") 3:1-5.]

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5623-GHK (PJWx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Terry Romero, et al. v. Anthem Blue Cross Life and Health Ins. Co., et al.* | | |

### A. Motion to Remand

Provider Plaintiffs assert that their claims are not preempted because their claims do not rely on Romero's health care plan, but are based on separate oral agreements they entered into with Defendants. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 246 (5th Cir. 1990) ("If a patient is not covered under an insurance policy, despite the insurance company's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms of the health care plan."). Because their state law claims do not relate to the right to receive benefits under an ERISA plan, but are based on alleged independent oral agreements, their claims are not preempted by ERISA. *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (explaining that when evaluating whether a claim relates to a plan governed by ERISA, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival"). Additionally, we do not have supplemental jurisdiction as the Provider Plaintiffs' claims do not stem from the same "common nucleus of operative fact" as Romero's claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). They entered into separate agreements with Defendants based on representations of coverage, not on condition of coverage in the ERISA plan. Absent original or supplemental jurisdiction, we must sever and remand Provider Plaintiffs' claims pursuant to 28 U.S.C. § 1441(c). We now **SEVER** the Provider Plaintiffs' claims from this action and **REMAND** them to the state court from which they were improvidently removed.

### B. Motion to Dismiss

Romero's claims relate to her ERISA plan and are completely preempted and must be re-characterized as a claim by a plan participant for benefits under 29 U.S.C. § 1132(a). Accordingly, Defendants' motion to dismiss as to Romero is **GRANTED with leave to amend** to state a claim for benefits under 29 U.S.C. § 1132(a). Romero shall file her First Amended Complaint in compliance with this Order within 14 days hereof, or show cause in writing, within the same 14 days, why this action should not be dismissed for her failure to diligently prosecute, and for her failure to comply with this Order. Failure to file the First Amended Complaint or show cause as required by this Order will result in the dismissal of Romero's action at the expiration of the 14 days. If Romero timely files her First Amended Complaint, defendants shall respond to it within 30 days thereafter.

### C. Order to Show Cause as to Plaintiff Fairlie

It is unclear if Fairlie is a participant or beneficiary under a qualified ERISA plan. Defendants, as the removing party, have failed to carry their burden to show subject matter jurisdiction because they failed to address the nature of Fairlie's health insurance. Absent a showing that Fairlie was covered by a

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5623-GHK (PJWx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | *Terry Romero, et al. v. Anthem Blue Cross Life and Health Ins. Co., et al.* | | |

qualified ERISA plan, we lack federal question jurisdiction over Fairlie's claims. Moreover, in as much as there appears to be no connection between Romero and Fairlie, there is also no supplemental jurisdiction over Fairlie's claims. Accordingly, **Defendants shall show cause, in writing, within 10 days hereof**, why we should not remand this action as to Fairlie for lack of subject matter jurisdiction. Failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks jurisdiction, and Fairlie's claims will be severed and remanded pursuant to 28 U.S.C. § 1441(c).

**IT IS SO ORDERED.**

                                                                                                                                       :

Initials of Deputy Clerk      PS